IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON, et al.,<br><br>  Defendants. | No.  2:21-CV-0796-JAM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

  Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motions, ECF No. 16, 17, 40, for injunctive relief.

  The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

1  injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
2  interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).
3  In his first motion for injunctive relief, Plaintiff seeks an order preventing
4  "defendants and their fellow corrections collaborators" at the California Health Care Facility,
5  under the direction of Defendant Flores, from continued retaliation against Plaintiff for filing
6  grievances and staff complaints. See ECF No. 16. Plaintiff complains of some kind of
7  "entrapment" scheme and destruction of his personal property. See id. Plaintiff repeats these
8  contentions in his second motion for injunctive relief, filed a little more than a week after the first
9  motion. See ECF No. 17. In the third pending motion for injunctive relief, filed several months
10 later, Plaintiff asserts that, as a result of alleged continued harassment and retaliation, he is
11 threatened with irreparable harm in the form of mental suffering, as defined under California law.
12 See ECF No. 40.
13 The Court finds that injunctive relief is not appropriate. First, Plaintiff's motions
14 fail to demonstrate that he is likely to success on the merits as he does little more than repeat the
15 allegations of the operative complaint. Second, Plaintiff has not demonstrated that he is likely to
16 suffer irreparable injury absent injunctive relief. In this regard, Plaintiff's assertion that he will
17 suffer mental distress as a result of the alleged continued harassment and retaliation is entirely
18 speculative. Moreover, Plaintiff has not provided any evidence of the claimed "entrapment"
19 scheme or indicated how he might suffer irreparable injury as a result of such a scheme. To the
20 extent Plaintiff has experienced new instances of retaliation as a result of engaging in protected
21 activities, Plaintiff's rights may be vindicated through a new lawsuit asserting such claims. Third,
22 given the foregoing, the Court does not find that the balance of hardships tips in Plaintiff's favor
23 or that an injunction would serve the public interest.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1  Based on the foregoing, the undersigned recommends that Plaintiff's motions for
2  injunctive relief, ECF Nos. 16, 17, 40, be denied.

3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5  after being served with these findings and recommendations, any party may file written objections
6  with the Court.  Responses to objections shall be filed within 14 days after service of objections.
7  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.
8  Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  Dated:  March 31, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3