UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | No. 2:21-cv-00796-DAD-DMC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF<br><br>(Doc. Nos. 16, 17, 40, 42) |

Plaintiff Shaun Darnell Garland is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On March 31, 2022, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motions for injunctive relief—specifically, a court order preventing "defendants and their fellow corrections collaborators" from "continued retaliation" as part of some kind of "entrapment" scheme—(Doc. Nos. 16, 17, 40) be denied. (Doc. No. 42.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 3.) After receiving an extension of time, on May 2, 2022, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 48.) Defendants did not file objections of their own, but on May

/////

16, 2022, defendants filed a response to plaintiff's objections. (Doc. No. 51).[1]

In his objections, plaintiff essentially argues that he need not make a showing of irreparable harm or likelihood of success on the merits in order to obtain injunctive relief here because the court screened his complaint and found that he had stated a cognizable retaliation claim, therefore it is "self-evident" that retaliation against him "would certainly increase." (Doc. No. 48 at 2.) In defendants' response to plaintiff's objections, defendants urge the court to adopt the findings and recommendations because plaintiff "ignore[s] the elements for a preliminary injunction entirely, and fail[s] to offer any evidentiary support for his assertions." (Doc. No. 51 at 2.) Defendants also emphasize that regardless of whether the court has found that plaintiff has stated a "cognizable" retaliation claim, plaintiff bears the burden to demonstrate that he has a likelihood of success on the merits of that claim, and he has not done so. (*Id.*) Defendants are correct in this regard. Plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on March 31, 2022 (Doc. No. 42) are adopted in full;
2. Plaintiff's motions for injunctive relief (Doc. No. 16, 17, 40) are denied; and
3. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **November 9, 2022**

_____
UNITED STATES DISTRICT JUDGE

---

[1] This case was reassigned to the undersigned district judge on August 25, 2022. (Doc. No. 54.)