IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | No. 2:21-CV-0796-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' motion, ECF No. 57, to revoke Plaintiff's in forma pauperis status and Defendants' request for judicial notice, ECF No. 58, in support thereof.

The Prison Litigation Reform Act's (PLRA) "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

///

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

Dismissals for failure to exhaust available administrative remedies generally do not count as "strikes" unless the failure to exhaust is clear on the face of the complaint. See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

Defendants' motion identifies three cases they contend constitute "strikes" under the PLRA. See ECF No. 58 (Request for Judicial Notice). The Court agrees that two of these cases, Garland v. Skribner, no. 1:06-cv-00198 (E.D. Cal.), and Garland v. Hoffman, no. 2:15-cv-02766 (C.D. Cal.), both of which were dismissed for failure to state a claim, constitute "strikes." See id. The Court, however, is not convinced that the third case identified by Defendants, Garland v. Redding, et al., no. 2:16-cv-01428 (C.D. Cal.), can count as a "strike." This case was voluntarily dismissed by Plaintiff, not by the Court for failure to state a claim. See ECF No. 58 (Request for Judicial Notice). The Court, therefore, finds that Defendants have not met their burden of establishing three or more "strikes" warranting revocation of Plaintiff's in forma pauperis status. For this reason, the Court need not address whether Plaintiff sufficiently alleges imminent danger.

/ / /

/ / /

/ / /

2

Based on the foregoing, the undersigned recommends as follows:

    1.    Defendants' request for judicial notice, ECF No. 58, be granted.

    2.    Defendants' motion to revoke Plaintiff's in forma pauperis status, ECF No. 57, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 5, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE