IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | No. 2:21-CV-0796-DAD-DMC-P<br><br>ORDER<br><br>and<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' motion, ECF No. 57, to revoke Plaintiff's in forma pauperis status, Defendants' request for judicial notice, ECF No. 58, and Defendants' supplemental supporting brief and request for judicial notice, ECF No. 59.[1]

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] This last filing was inadvertently not considered by the Court when it issued its initial findings and recommendations on this matter on June 6, 2023. The Court will order the prior findings and recommendations vacated and hereby issues amended findings and recommendations addressing Defendants' supplemental filing at ECF No. 59.

1

# I. APPLICABLE LEGAL STANDARDS

The Prison Litigation Reform Act's (PLRA) "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

Dismissals for failure to exhaust available administrative remedies generally do not count as "strikes" unless the failure to exhaust is clear on the face of the complaint. See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

When in forma pauperis status is denied, revoked, or otherwise unavailable under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than

simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."

This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

## II. DISCUSSION

Defendants' motion and first request for judicial notice identify three cases they contend constitute "strikes" under the PLRA. See ECF No. 58 (Request for Judicial Notice). The Court agrees that two of these cases, Garland v. Skribner, no. 1:06-cv-00198 (E.D. Cal.), and Garland v. Hoffman, no. 2:15-cv-02766 (C.D. Cal.), both of which were dismissed for failure to state a claim, constitute "strikes." See id. The Court, however, is not convinced that the third case identified by Defendants, Garland v. Redding, et al., no. 2:16-cv-01428 (C.D. Cal.), can count as a "strike." This case was voluntarily dismissed by Plaintiff, not by the Court for failure to state a claim. See ECF No. 58 (Request for Judicial Notice).

In their supplemental brief and request for judicial notice, Defendants identify the following two additional cases filed by Plaintiff: Garland v. Cate, no. 2:12-cv-3095 (E.D. Cal.), and Garland v. Redding, et al., no. 2:16-cv-1686-C.D. Cal.). See ECF No. 59. The Court agrees that Garland v. Cate constitutes a prior "strike" because it was dismissed as frivolous and for

failure to state a claim.  See id.  The Court, however, is not convinced that the second Garland v. Redding, et al. should be counted as a "strike."  This matter was dismissed as a "frivolous" action because it was duplicative of the first Garland v. Redding, et al. action identified in Defendants' initial briefing.  It was not dismissed because it failed to state a claim or because the factual allegations themselves were fanciful or frivolous.

Nonetheless, the Court finds that Defendants have identified at least three prior "strikes" sufficient to justify revocation of Plaintiff's in forma pauperis status in the absence of an allegation of imminent danger.  The Court finds that this exception does not apply here.  The Court has ordered this action appropriate for service on Plaintiff's first amended complaint on his retaliation and harassment claims.  See ECF No. 11.  Plaintiff does not allege in the first amended complaint or the original complaint that, at the time he initiated this action, he was under imminent danger of serious physical injury, as required under the PLRA.  See ECF Nos. 1, 10.

### III.  CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is hereby ORDERED that the findings and recommendations issued on June 6, 2023, ECF No. 70, are VACATED and superseded by the these amended findings and recommendations.

2. It is hereby ORDERED that the deadline to file dispositive motions is VACATED pending final resolution of Defendants' motion to revoke Plaintiff's in forma pauperis status.

3. It is hereby RECOMMENDED that Defendants' requests for judicial notice, ECF Nos. 58 and 59, be GRANTED.

4. It is hereby RECOMMENDED that Defendants' motion to revoke Plaintiff's in forma pauperis status, ECF No. 57, be GRANTED.

/ / /

/ / /

/ / /

5. It is hereby RECOMMENDED that this action be dismissed without prejudice to re-filing upon pre-payment of the filing fees.

These amended findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these amended findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 18, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE