UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | No. 2:21-cv-00796-DAD-DMC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO REVOKE *IN FORMA PAUPERIS* STATUS<br><br>(Doc. Nos. 57, 58, 80) |

Plaintiff Shaun Darnell Garland is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 18, 2023, the assigned magistrate judge issued amended findings and recommendations recommending that defendants' requests for judicial notice (Doc. Nos. 58, 59) and motion to revoke plaintiff's *in forma pauperis* status (Doc. No. 57) be granted. (Doc. No. 80.)[1] In those amended findings and recommendations the magistrate judge concluded that the prior dismissal orders in *Garland v. Skribner*, No. 1:06-cv-00198 (E.D. Cal.); *Garland v.*

---

[1] On June 6, 2023, the magistrate judge had issued findings and recommendations recommending that defendants' motion to revoke plaintiff's *in forma pauperis* status be denied. (Doc. No. 70.) However, upon realizing that he had not considered defendants' supplemental brief and request for judicial notice that had been filed on October 27, 2022, the magistrate judge vacated those findings and recommendations and then issued the pending amended findings and recommendations after considering defendants' supplemental filing. (Doc. No. 80 at 1, n.1, 4.)

1

*Hoffman*, No. 2:15-cv-02766 (C.D. Cal.); and *Garland v. Cate*, No. 2:12-cv-3095 (E.D. Cal.) each constituted strikes under 28 U.S.C. § 1915(g)[2] and the allegations of plaintiff's complaint did not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 80 at 3–4); *see Andrews v. Cervantes*, 493 F.3d 1047, 1051−55 (9th Cir. 2007). The magistrate judge also recommended that this action be dismissed without prejudice to plaintiff re-filing upon pre-payment of the filing fee by plaintiff. (*Id*. at 5.)

The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id*.) On August 28, 2023, the court received plaintiff's timely objections to the pending findings and recommendations. (Doc. No. 81.) On September 8, 2023, defendants timely filed their response to plaintiff's objections. (Doc. No. 82.)

In his objections plaintiff argues that *Garland v. Hoffman*, No. 2:15-cv-02766 (C.D. Cal.) was dismissed as barred by the applicable statute of limitations and suggests that it should therefore not be counted as a strike under § 1915(g). (Doc. No. 81 at 2-4) Plaintiff also argues that in *Garland v. Skribner*, No. 1:06-cv-00198 (E.D. Cal.) five of his six claims were dismissed for failure to state a cognizable claim but that the sixth claim was dismissed based upon improper venue. (*Id.* at 4.) According to plaintiff because of the presence of the claim dismissed for improper venue, it cannot be said that the entire case was dismissed for a qualifying reason under § 1915(g) and that such a dismissal does not count as a prior strike. (*Id.* at 5) (citing *Hoffman v. Pulido*, 928 F.3d 1147, 1151-52 (9th Cir. 2019)).

As defendants point out in their response to plaintiff's objections, the Ninth Circuit has held that dismissal orders based upon a finding that an action is barred by the applicable statute of limitations do count as strikes under 28 U.S.C. § 1915(g). (Doc. No. 82 at 2–3) (citing *Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015) and *Williams v. Just*, 696 F. App'x 261, 261 (9th Cir.

---

[2] The magistrate judge also concluded that two other dismissal orders upon which defendants' relied did not constitute strikes under § 1915(g) because those dismissals were based upon plaintiff's voluntary dismissal or because the case was duplicative of another filed by plaintiff. (Doc. No. 80 at 3-4.) Nonetheless, the magistrate judge concluded that revocation of plaintiff's *in forma pauperis* status was appropriate based upon the three prior dismissals which properly counted as strikes. (*Id*.)

Aug. 17, 2017))[3]; *see also Williams v. Allison*, No. 2:21-cv-0051-CKD, 2021 WL 1600122, at *1 (E.D. Cal. Apr. 23, 2021) ("[T]he Ninth Circuit Court of Appeal has already affirmed the judgment in two separate district court cases finding that these same actions [dismissals at the screening stage as barred by the statute of limitations] constituted 'strikes.'"). Until or unless the Ninth Circuit reconsiders the issue, its decisions in the cited cases are binding on this district court. The court also does not find plaintiff's new argument, improperly advanced for the first time in his objections, regarding the dismissal order in *Garland v. Skribner* to be persuasive. As plaintiff concedes the one claim that was improperly joined was dismissed without prejudice to its filing in the clearly proper venue. (Doc. No. 81 at 4.) Plaintiff's five substantive claims that were properly joined and filed in the U.S. District Court for the Eastern District of California were dismissed for failure to state a cognizable claim. (*Id.*)[4] That order of dismissal is properly counted as a strike under § 1915(g). *See Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022) ("Assessing whether joinder is proper before resolving the merits ensures that, regardless of the outcome of a case, the plaintiff pays the proper number of fees under § 1915(b) and receives the proper number of strikes, if any, under § 1915(g).")

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections and defendants' response, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis.[5]

/////

/////

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

[4] *See Lopez v. Allison*, 538 F. Supp. 3d 946, 949 (N.D. Cal. 2021).

[5] However, the undersigned declines to adopt the recommendation that the action be dismissed at this time without prejudice to its re-filing upon plaintiff's pre-payment of the filing fee. Instead, the court will follow the more customary course of providing plaintiff thirty days to pay the filing fee for this action in full and with notice that his failure to do so will result in an order dismissing this case.

Accordingly,

1. The amended findings and recommendations issued on August 18, 2023 (Doc. No. 82) are adopted;
2. Defendants' requests for judicial notice (Doc. Nos 58, 59) are granted;
3. Defendants' motion to revoke plaintiff's *in forma pauperis* status (Doc. No. 57) is granted;
4. Within thirty (30) days from the date of service of this order, plaintiff shall pay the $402.00 filing fee in full in order to proceed with this action;
5. Plaintiff is forewarned that failure to pay the filing fee within the specified time will result in the dismissal of this action; and
6. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **September 12, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE